THE ILLINOIS HEALTH UNIVERSITY

*v.*

THE PEOPLE *ex rel.* Moloney, Attorney General.

*Filed at Ottawa April 3, 1897.*

1. CORPORATIONS—*charter of corporation is the full measure of its powers.* The charter of a corporation is the full measure of its powers, and any doubt which arises out of the language employed therein must be resolved in favor of the State.

2. PUBLIC POLICY—*issuing medical diplomas to incompetent persons for gain is against public policy.* It is against the public policy of this State to allow an institution incorporated as a health university to confer the degree of doctor of medicine upon all persons able to pay the prescribed fee and send in answers to certain questions, without requiring any preparation, by study or otherwise.

3. QUO WARRANTO—*forfeiture of charter of a corporation for willful abuse.* The indiscriminate issuing of diplomas by an institution incorporated as a health university, conferring the degree of doctor of medicine on incompetent persons for gain, is such an abuse of its powers as justifies the forfeiture of its charter on *quo warranto.*

APPEAL from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

On behalf of the People of the State of Illinois the Attorney General filed this information in the nature of a *quo warranto* against the appellant, the Illinois Health University, praying that it be required to show by what warrant it had misused and perverted its corporate powers and franchises as set forth in the information, and by what authority it had assumed powers, liberties, privileges and franchises not authorized by its charter, and to show cause why its charter should not be revoked. The demurrer of appellant to the information was overruled, and it electing to abide by its demurrer, it was found guilty of the abuses and usurpations alleged against it, judgment of ouster of all of its corporate franchises was rendered and its charter dissolved. From that judgment this appeal was taken.

From the allegations of the information admitted by the demurrer it appears that appellant was incorporated under the act of the General Assembly of this State concerning corporations, and that the object for which said corporation was formed, as set forth in its application, was "for the education of teachers in the science of health and the true art of healing, and fitting men and women for the rights and duties of citizenship, and of conferring upon such teachers, when duly qualified, such diplomas, degrees or certificates of qualification as may seem proper and just to the officers and faculty of the institution." The information further charges that from and since its incorporation, April 16, 1895, said corporation has held and still holds itself out to the world as legally incorporated under the laws of this State to conduct the business in which it has since then been and is still engaged. It is then further alleged as follows:

"The court is further informed and given to understand, that the said Illinois Health University advertises

and professes to be engaged in conducting a medical institution under and by virtue of the said charter, and issuing diplomas and conferring the degree of doctor of medicine, in accordance with the scheme outlined in its announcements, circulars and advertisements; but informant charges, and states the fact to be, that the said Illinois Health University is not engaged in conducting a medical institution where the science of medicine is taught, and in instructing students in the science of surgery, and is not engaged in the business which is specified in its charter; that it advertises, through its pamphlets and circulars, that it is engaged in the unlawful and disreputable business of assisting persons to procure licenses to practice medicine in the States of Ohio, Michigan, Wisconsin, Indiana, Idaho and Kansas, and such other States as do not require the diploma of a reputable medical college, or a medical examination before a board created by law for the purpose, as a condition precedent to practicing medicine therein.

"The court is further given to understand and be informed, that said Illinois Health University does not require a personal attendance by applicants for degrees and diplomas as doctors of medicine, but sends, upon application, to the applicant, a list of questions to be answered by such applicant and returned to said Illinois Health University; that a personal examination of such applicant is not required by said pretended university; that thereafter, upon payment by him of the agreed amount, said Illinois Health University confers upon such applicant the degree of doctor of medicine, and upon the certificate of said degree issued by said Illinois Health University he may and does begin the practice of medicine in some one of the aforesaid States; that this system of teaching the science of medicine is not within the purview of its charter, and informant charges that in conferring degrees, as aforesaid, said corporation is acting without warrant or authority of law, and has usurped,

and still does usurp, the right to so conduct said business as an alleged medical college without warrant or authority of law.

"The court is further given to understand and be informed, that said Illinois Health University does not prescribe a fixed time during which applicants for degrees shall pursue the study of medicine, but when questions so sent, as aforesaid, to applicants for degrees have been answered and said answers returned to said Illinois Health University, the degree of doctor of medicine is thereupon conferred upon such applicant or applicants; and informant charges that this system of conferring degrees, as aforesaid, upon applicants for such degrees, is dangerous to the health of the people of this country, and was not contemplated or intended in the incorporation of said company, and that the right to so confer said degree, and in manner aforesaid, is a usurpation of power upon the part of the Illinois Health University, and is without warrant or authority of law.

"The court is further given to understand and be informed, that the Illinois Health University, through its officers, has scattered, and still continues to scatter, circulars and pamphlets broadcast, endeavoring thereby to create a prejudice in the minds of the people of the State of Illinois against the salutary laws of said State, which said laws protect the people from imposition and fraud by incompetent physicians, both in medicine and surgery; that said circulars and pamphlets are so framed as to direct the attention of the individuals to the fact that by obtaining a diploma from the Illinois Health University they can be admitted to the practice of medicine in certain States without examination; and informant charges that the issuance of such circulars and pamphlets is not reputable, and is calculated to induce illiterate and incompetent persons to apply for and receive the degree of doctor of medicine, and that said Illinois Health University, by reason of the premises, has and still does confer

said degree upon persons who are wholly incompetent and incapable of administering to the wants of the sick, and that the power and right to so conduct said institution, as aforesaid, is not conferred upon it by its charter, and the right to so issue degrees by said corporation, as aforesaid, is violative of the conditions of said incorporation, and is a usurpation of the right and power by said Illinois Health University without any warrant or authority of law.

"The court is further given to understand and be informed, that said Illinois Health University is not engaged in the business of conducting a university where personal attendance of students is required, but that it has resorted to the aforesaid method of conferring degrees as a means of profit, and as an assistance to individuals to enable them to engage in the practice of medicine regardless of the question of their competency; and informant charges that said conduct upon the part of the said Illinois Health University is a scheme which is calculated to scatter over the United States incompetent men to practice the science of medicine, and to protect themselves in their said practice under diplomas issued to them, respectively, by a corporation authorized to engage in business by the State of Illinois, and that the State of Illinois did not, in the incorporation of said Illinois Health University, confer upon it power and authority to engage in the class of business which said corporation has conducted and still conducts, and that the acts and doings of said corporation in the premises is a usurpation of power and an exercise of privileges not conferred upon it as a corporation, and is wholly without warrant or authority of law.

"The court is further given to understand and be informed, that the Illinois Health University is located at No. 683 West VanBuren street, in the city of Chicago, Illinois; that the said number is a three-story and basement house, and is an imitation of a stone building; that said

building is a residence, and that there is a sign over the door 'Furnished rooms for rent;' that the Illinois Health University occupies the front and back parlors on the main floor; that the front room is used as an office, and is furnished with a writing desk, a folding-bed and a table, a few medical books and chairs, and that there are upon the walls a number of medical diagrams and charts; that said room is about sixteen by twenty feet in size; that the rear parlor is used as a living room; that there is no dissecting room connected with said institution; that the Illinois Health University does not teach nor exemplify the study of anatomy by dissecting human bodies; that it pretends to deliver its lectures in said office; that the Illinois Health University is not conducting a medical college or university, and that it is engaged in conducting said business, as aforesaid, under the cloak of its corporate name, and that the power conferred upon it by its charter does not authorize it or warrant it in issuing diplomas to individuals as doctors of medicine, and in instructing them how they can engage in the practice of medicine in certain States with impunity; that the power conferred upon said Illinois Health University is the power to educate teachers in the science of health and the true art of healing, and not the power to dispose of diplomas certifying to the completion of a medical course in the matter aforesaid; that the course pursued and still being pursued by the said Illinois Health University is a menace to the people, and is a detriment to the health of communities in which its so-called graduates may locate; that each and every of the aforesaid powers so exercised by said Illinois Health University is a usurpation of power and authority upon its part without warrant or authority of law; that in conducting its business, as aforesaid, and for the purpose aforesaid, said Illinois Health University is not acting within the scope of the power conferred upon it by its charter, but is guilty of doing said things, and each thereof, for its pecuniary

gain, and that it has not used its charter for the purpose for which it was conferred upon it by the State of Illinois, but from the date of its incorporation until the present time it has and still does continue to usurp said power and authority so exercised by it, as aforesaid, upon the people, and without warrant or authority of law, and to the detriment of the health of the citizens of the United States, and to the injury of the good name of the State of Illinois.    And so the Attorney General charges that the right to exercise the aforesaid powers and privileges, and each thereof, respectively, during all the time aforesaid, and in the county and State aforesaid, and in the manner aforesaid, said Illinois Health University upon the people of the State of Illinois has usurped and still usurps, to the damage of the said people and against the peace and dignity of the same people of the State of Illinois," etc.

SMITH, MUHLKE & MURDOCK, for appellant.

MAURICE T. MOLONEY, Attorney General, (T. J. SCO-FIELD and M. L. NEWELL, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

There is sufficient alleged in the information to show that appellant has assumed and usurped powers, privileges and franchises not conferred by its charter; that it is not in good faith carrying out the object for which it was incorporated, but is engaged in the fraudulent business of selling medical diplomas to, and conferring the degree of doctor of medicine upon, incompetent persons for gain; that it does not conduct a medical school, college or university, and that its pretended business of educating teachers in the science of health and in the true art of healing, and of fitting men and women for the rights and duties of citizenship, and of conferring upon such teachers, when duly qualified, such diplomas, degrees or certificates of qualification as may seem proper

16G—12

and just, etc., is a mere pretense. It is not consistent with the public policy of a State which enacts stringent laws for the preservation of the public health and for the protection of its people from quacks and ignorant pretenders to a knowledge of the science of medicine and surgery, to authorize or permit a pretended health university to turn any one, whether known or unknown, qualified or unqualified, into a doctor of medicine, armed with a diploma and degree as one qualified to heal the sick, who may answer its prescribed list of questions and pay its prescribed fee.

The charter of a corporation is the full measure of its powers, and if any doubt arises out of the language employed in such charter, such doubt must be resolved in favor of the State. *Mills* v. *County of St. Clair,* 2 Gilm. 197; *Northwestern Fertilizing Co.* v. *Village of Hyde Park,* 70 Ill. 634; *St. Clair County Turnpike Co.* v. *People ex rel.* 82 id. 174; *Minturn* v. *LaRue,* 64 U. S. 435.

It stands admitted by the demurrer that there was a willful misuser and abuse of the power conferred on this corporation, and a prostitution and perversion of its corporate powers to objects and purposes for which no certificate of incorporation could be properly issued and which would be against the policy of our laws. It was a clear abuse of the liberal privileges conferred by our incorporation laws for appellant to make use of them for the purposes set forth in the information, and for such abuse and misuser its charter may and should be revoked. (*Edgar Collegiate Institute* v. *People,* 142 Ill. 363.) If it was not guilty as charged it should have answered and denied the grave charges contained in the information, and made it appear that it was pursuing the legitimate objects of its incorporation.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*