# THE INDEPENDENT MEDICAL COLLEGE

## *v.*

## THE PEOPLE *ex rel.* Akin, Attorney General.

*Opinion filed October 16, 1899—Rehearing denied December 7, 1899.*

1. QUO WARRANTO—*rules of pleading and evidence in criminal cases do not apply to quo warranto.* A proceeding by information in the nature of *quo warranto* to forfeit the franchise of a medical college is not a criminal one, in the sense that the offense must be charged with that degree of certainty necessary in an indictment; nor are the rules of evidence as to the competency of depositions the same in this as in an ordinary criminal proceeding.

2. SAME—*information need only satisfy rules of civil pleading.* An information in the nature of *quo warranto* which charges the grounds upon which a forfeiture of the defendant's charter is urged, with all certainty required in civil pleading, is sufficient.

3. MEDICAL SCHOOLS—*when charter of medical school should be forfeited on quo warranto.* The charter of a medical college should be revoked in a proceeding by *quo warranto* where it confers degrees and issues diplomas for a price, without regard to the qualification or fitness of the applicant to practice medicine.

APPEAL from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

JAMES LANE ALLEN, for appellant.

E. C. AKIN, Attorney General, (C. A. HILL, and B. D. MONROE, of counsel,) for the People.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is a proceeding by information in the nature of a *quo warranto*, brought in the circuit court of Cook county, February term, 1898, by the People, on the relation of the Attorney General, against the Independent Medical College, a corporation, of Chicago, to forfeit its franchise or charter. The corporation was chartered in 1896, having as its object the establishment of "an institution of learning," and "for the purpose of promoting mental and physical culture," and for teaching branches taught in medical colleges generally, with power to grant diplomas and confer degrees. The information charges that the corporation is conducted for pecuniary profit; that it confers degrees and issues diplomas for a price, without regard to the qualification or fitness of the applicant to practice medicine; that in some cases no examination whatever is required, and degrees are conferred upon persons wholly unfit and incompetent; that in one case, specifically alleged, a diploma or license to practice medicine and surgery was granted for the price of $25, the applicant never having been a student of medicine or surgery. It is further charged that the corporation "is a mere diploma mill, designed wholly for issuing diplomas to practice medicine, for a consideration, to persons wholly unqualified for such practice."

The respondent filed a plea to the information, denying its general allegations, and averring that it has not resorted to wrongful or unlawful methods in conferring degrees as a means of profit to its incorporators, and that it has not issued diplomas to persons wholly incompetent to practice medicine. To this plea the Attorney General filed a replication, averring that the defendant "has usurped and misused, and does now usurp and misuse, its liberties, privileges and franchises," and tender-

ing issue. Issue being joined, the cause was heard by the court without a jury, upon the pleadings and evidence taken. The court found the defendant guilty as charged, and rendered judgment that the Independent Medical College be ousted and excluded from the exercise of all its corporate privileges and franchises under its articles of incorporation. The defendant prosecutes this appeal.

It is assumed by counsel for appellant that this is a criminal proceeding, and upon that assumption are based the contentions that the information does not recite with sufficient certainty the offense charged; second, that the trial court erred in admitting in evidence certain depositions introduced by the People; and finally, that the evidence is not sufficient to warrant the judgment.

The proceeding is not a criminal one in the sense the offense must be charged with that degree of certainty necessary in an indictment; nor are the rules of evidence as to the competency of depositions the same in this as in an ordinary criminal proceeding. *Distilling Co.* v. *People*, 156 Ill. 448; *People* v. *Bruennemer*, 168 id. 482, and cases cited.

As to the sufficiency of the information, we said in *Distilling Co.* v. *People, supra,* (p. 482): "The tendency of the courts in modern times being to regard an information in the nature of a *quo warranto* in the light of a civil remedy, invoked for the determination of civil rights, although still retaining its criminal form and some of the incidents of criminal proceedings, the better doctrine now is that the pleadings should conform, as far as possible, to the general rules and principles which govern in ordinary civil actions. (High on Ex. Legal Rem. sec. 710.) And this is especially so in this State in view of section 10 of our Practice act, which provides that in cases of this character it shall be sufficient to summon the defendant to appear and answer the plaintiff in an action of *quo warranto*, and that the issues shall be made up by answering, pleading or demurring to the petition as in other cases." (See, also, *People* v. *Bruennemer, supra.*)

It has been frequently held that the proceeding is civil in its nature, and governed by the rules of practice applicable to such trials. This information charges the grounds upon which a forfeiture of the defendant's charter is urged, with all the certainty required by the rules of civil pleading; and those grounds, if sustained by the proof, were sufficient, as held in *Illinois Health University* v. *People ex rel.* 166 Ill. 171, where we said, among other things: "It is not consistent with the public policy of a State which enacts stringent laws for the preservation of the public health and for the protection of its people from quacks and ignorant pretenders to a knowledge of the science of medicine and surgery, to authorize or permit a pretended health university to turn any one, whether known or unknown, qualified or unqualified, into a doctor of medicine, armed with a diploma and degree as one qualified to heal the sick, who may answer its prescribed list of questions and pay its prescribed fee." And it was there held, for such abuse and misuser the charter of the corporation should be revoked,—citing *Edgar Collegiate Institute* v. *People,* 142 Ill. 363. The health university, respondent in the above case, was practically the same institution as the one now before the court, and the only material difference in that case and this is, that there the ouster was upon a demurrer to the information, whereas here there was a trial upon the issues of fact.

Without an extended analysis or weighing of the testimony introduced upon the trial as it appears in this record, we have no hesitancy in saying that it fully justified the finding and judgment of the court below. In fact, it is sufficient to establish the guilt of the defendant, as charged in the information, beyond a reasonable doubt, and would have justified not only the forfeiture of the charter, but the infliction of a fine upon the parties guilty of the abuses.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*