### NATIONAL ASS'N OF CERTIFIED PUBLIC ACCOUNTANTS v. UNITED STATES.

(Court of Appeals of District of Columbia. Submitted February 14, 1923. Decided June 4, 1923.)

#### No. 3870.

J. Corporations ⪜370(3)—National Association of Certified Public Accountants not empowered to grant degrees.

The National Association of Certified Public Accountants, a corporation organized under Code, § 599, not expressly conferring on corporations for educational purposes the power to grant degrees, may be enjoined from issuing them under section 575, notwithstanding the granting of degrees was one of the powers stated in the certificate of incorporation.

2. Corporations ⪜370(3)—Have only express or necessarily implied powers.

A "corporation" is a juristic person created by the sovereignty, and has no powers except those expressly conferred or reasonably necessary to carry those expressly conferred into effect.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Corporation.]

3. Corporations ⪜597—Charter of corporation conferring degrees may be forfeited for abuse.

Where a corporation having the power to confer degrees sells its degrees, without reference to buyer's qualifications, its charter may be forfeited for misuse of its franchise.

4. Injunction ⪜114(2)—Government can maintain suit to prevent corporation from usurping power.

Where a corporation organized under Code, § 599, was granting degrees, though not empowered to do so, under section 793, the district attorney, in the name of the United States, can maintain a suit to restrain this usurpation of power.

5. Courts ⪜347—Sufficiency of answer tested by motion to strike out.

As the sufficiency of an affirmative defense may be inquired into on a motion to strike out, the other parts of the answer may be tested in the same way, in view of equity rule 33 (198 Fed. xxvii, 115 C. C. A. xxvii).

Appeal from Supreme Court of the District of Columbia.

Bill by the United States of America against the National Association of Certified Public Accountants. Decree for complainant, and defendant appeals. Affirmed.

Tracy L. Jeffords and Edwin C. Dutton, both of Washington, D. C., for appellant.

Peyton Gordon and Vernon E. West, both of Washington, D. C., for the United States.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

SMYTH, Chief Justice. The United States, acting through the district attorney, filed its bill asking for an injunction prohibiting the National Association of Certified Public Accountants, a corporation organized under the laws of the District of Columbia, from exercising the power to confer the degree of certified public accountant, or any other degree, upon any person, on the ground that it had no lawful right to do so. In due time the corporation answered. A motion to strike out the answer and for a decree pro confesso was filed by the United States. Pending the disposition of this motion, other steps not necessary to mention were taken. Then the court sustained the motion to strike, and, the corporation refusing to amend its answer, but electing to stand on it, entered a decree granting the relief prayed for.

[1] In its brief the corporation admits it was formed under section 599 of the Code of the District. This section authorizes citizens of the United States, a majority of whom being also citizens of the District, who desire to associate themselves for benevolent, charitable, educational, literary, musical, scientific, religious, or missionary purposes, and societies formed for mutual improvement or for the promotion of the arts, to form a corporation by filing in the office of the recorder of deeds a certificate in writing, which shall state the name adopted, the term for which the corporation is organized, its particular business and objects, and the number of its managers for the first year of its existence. There is nothing in the section which says that the corporation thus formed shall have the power to confer degrees, or admit its members to degrees, or to issue to its members a certificate pertaining to degrees. No mention whatever of degrees is made in it. The certificate, however, which was filed by the organizers of the corporation, provides that when the members of the corporation shall present "satisfactory evidence of knowledge in the theory and practice of accounting, and shall have satisfactorily passed the prescribed qualifying examination of the association," the corporation shall have power "to admit said members to the degree of certified public accountant, and to issue to such members the association's formal certificate to that degree pertaining." The corporation claims the right to do these things, and admits that it has done them in many instances.

According to the bill the corporation admitted one of its members to the degree of certified public accountant (usually indicated by the letters "C. P. A.") on his own unsupported statement as to his qualifications, without any instruction or examination by the corporation or any of its representatives. Persons residing in California, desiring to test the methods employed by the corporation, presented to it an application for a certificate as a certified public accountant in the name of

one Duarfy. The certificate was issued on the recommendation alone of persons wholly unknown to the corporation. Later it developed that Duarfy existed only in the minds of those who had arranged the test. In other words, he was a fictitious person. Other instances are given in which the corporation granted degrees without any examination or test of the applicant. All these allegations are admitted by the answer. In no place does the answer assert that any other or different test of an applicant's fitness for a degree was employed by the corporation. It says, however, that the corporation in this respect had followed the example of other institutions in conferring like degrees. It is also charged in the bill, and not denied by the answer, that during the nine months of the corporation's existence it issued more than 2,500 certificates at $10 apiece.

[2] We but state an elementary principle when we say that a corporation is a juristic person created by the sovereignty. Elliott on Private Corporations, § 8. According to the doctrine of general capacity, which prevails in England, a corporation has all the powers of a natural person except where a statute provides otherwise. Pollock on Contracts, 119; Baldwin's Modern Pol. Inst. 206. But that doctrine does not apply in the United States. Here we have the rule of special capacity, under which a corporation has no powers but those expressly conferred on it, and such incidental powers as may be reasonably necessary to carry those expressly granted into effect. Thomas v. Railroad Co., 101 U. S. 71, 82, 25 L. Ed. 950; Oregon Railway & Navigation Co. v. Oregonian Railway Co., Ltd., 130 U. S. 1, 9 Sup. Ct. 409, 32 L. Ed. 837; Waters-Pierce Oil Co. v. Texas, 177 U. S. 28, 43, 20 Sup. Ct. 518, 44 L. Ed. 657; State v. Lincoln Trust Co., 144 Mo. 562, 46 S. W. 593.

Section 599, as we know, does not expressly grant the power to confer or admit to degrees; nor is such authority reasonably necessary to enable the corporation to execute the powers expressly granted. It can do all the section contemplates without admitting to degrees. This is manifest from an inspection of the section. Therefore the corporation does not possess the power which it claims.

Chapter 18 of the code deals with corporations. It is divided into fourteen subchapters. Subchapter 1 relates to institutions of learning, and subchapter 3, which contains section 599, relates to societies benevolent, educational, etc. In order that we may get at the correct meaning of this section we must consider it in connection with the other sections of the same chapter. Section 575 of subchapter 1 expressly authorizes corporations created pursuant to its provisions "to confer upon such persons as may be considered worthy such academical or honorary degrees as are usually conferred by similar institutions." This is the only part of the chapter which authorizes the conferring of degrees. Thus we see that, when Congress desired to give to a corporation that power, it did so in express terms. From this it must be inferred that, where it did not expressly grant such power, it intended to withhold it. Counsel in response say that the degrees provided for in section 575 are academical and honorary, while those conferred by the appellant are neither, and hence not such as are contemplated by

section 575. If this be admitted, it does not change the result. The fact still remains that, when Congress thought it proper to vest a corporation with the right to confer degrees, it said so in express terms, and was not willing to leave the matter to conjecture.

But is not the degree to which the appellant admits applicants of the same nature as those authorized by section 575? According to one definition of the dictionaries:

"A degree is a grade or rank to which scholars are admitted by a college or university in recognition of their attainments."

The undoubted purpose of the appellant in conferring its degrees was to indicate that the persons upon whom the degrees were conferred had, as the result of study, attained a high position as expert accountants.

[3] Even if the corporation had power to confer degrees, there is ample proof in the record that it has abused that power by selling the degrees for $10 each without reference to the qualifications of the purchasers as accountants. Illinois had a like situation to handle. There an institution, calling itself a medical college, indulged in the business of selling diplomas for the prescribed price without regard to the fitness of the applicants to practice medicine. The Supreme Court of that state, declaring that such a practice was a misuser by the corporation of its franchise, and against public policy, sustained an action to forfeit the corporate charter. Medical College v. People, 182 Ill. 274, 277, 55 N. E. 345. See, also, New Orleans Waterworks Co. v. Louisiana, 185 U. S. 336, 346, 22 Sup. Ct. 691, 46 L. Ed. 936; Hartnett v. Plumbers' Supply Association, 169 Mass. 229, 47 N. E. 1002, 38 L. R. A. 194; State v. Building Association, 35 Ohio St. 258. This is sound law, and we approve it. But the government does not ask for forfeiture here. Therefore it is not necessary to pursue the subject further.

It is urged that, because the corporation provided, in the certificate which it filed with the recorder of deeds, that one of its purposes was to admit members to the degree of certified public accountant and to issue certificates to that effect, the corporation has the power to do these things. But this cannot be admitted. By making the statement in the certificate it did not acquire a right not granted by the section. It might have taken less than the section gave, but not more. The section measures the maximum power which a corporation organized under it can exercise.

"It is idle to say, therefore," declared the Supreme Court of the United States, "that any corporation could assume to itself powers of action by the mere declaration in its articles or memorandum that it possessed them." Oregon Railway & Navigation Co. v. Oregonian Railway Co., supra, 130 U. S. 25, 9 Sup. Ct. 413, 32 L. Ed. 837. To the same effect are Waters-Pierce Oil Co. v. Texas, supra; Central Transportation v. Pullman's Car Co., 139 U. S. 24, 48, 11 Sup. Ct. 478, 35 L. Ed. 55; Dancy v. Clark, 24 App. D. C. 487.

[4] There is no doubt of the right of the government to maintain this suit. Section 793 of the Code declares that the district attorney may

file a bill in the name of the United States in the Supreme Court of the District "for the purpose of restraining by injunction any; corporation organized under the laws of the District from assuming or exercising any franchise, liberty, or privilege or transacting any business not allowed by its charter or certificate of incorporation," etc. The admitted facts show that the appellant, at the time this suit was instituted, was doing the things for which an action of this character may be maintained.

[5] The proceeding adopted in the lower court, by which the sufficiency of the answer was tested on a motion to strike out, was proper. By equity rule 33 (198 Fed. xxvii, 115 C. C. A. xxvii) it is no longer permitted to make such a test by filing exceptions. When, however, the answer sets up an affirmative defense, it may be assailed, according to the same rule, by a motion to strike; but, where the defense is negative, no method of attack is expressly provided for. That there should be one must be conceded. Reasoning by analogy, we believe that, as the sufficiency of an affirmative defense may be inquired into on a motion to strike, the other parts of the answer may be tested in the same way. See Shera v. Merchants' Life Insurance Co. et al. (D. C.) 237 Fed. 484.

Being convinced that the decree below is correct, we affirm it in all respects, with costs.

Affirmed.

Petition for Appeal to Supreme Court of the United States denied October 6, 1923.