## ATTORNEY GENERAL v. JAMES McIVOR.

*Quo Warranto—Plea to the Information.*

A plea to the information in a quo warranto proceeding need not be verified; and if it shows that respondent has been declared elected it need not aver his citizenship or other qualifications for office. And if it states the number of votes cast at the election it need not explicitly negative the casting of a greater number.

Quo warranto. Submitted Nov. 11. Decided November 19.

*A. C. Maxwell* for relator. Relator in quo warranto proceedings must state that he is a citizen and eligible to the

office he claims. *Reynolds v. State* 61 Ind. 392; *State v. Bieler* 87 Ind. 320 ; *State v. Long* 91 Ind. 351.

*Sibley G. Taylor* for respondent.

CAMPBELL, J.   The information in this case was filed to try the title of respondent to the office of supervisor of the town of Sherman in Iosco county, relator being suggested in the information · as the person entitled to the office.

Respondent pleaded that at the spring election he and Schneider were opposing candidates, and that fifty-nine votes were cast of which he obtained thirty and Schneider twenty-nine ; that after the canvass it was determined by the inspectors that defendant was elected to the office, and that the proper statements of election were filed and the same thing appeared from them, and that defendant duly qualified and entered upon the discharge of the duties of the office.

The commencement of this proceeding is an official assertion that defendant is the incumbent de facto and that relator is not.   The information called upon defendant to show his title, and his plea, if true, shows it.

Instead of replying, as would be necessary to controvert the election, a demurrer was interposed, which undertakes to raise questions concerning the sufficiency of the plea.

The first objection is that it does not aver citizenship or other qualifications for office.   The election is enough to call upon the prosecution to show its invalidity by facts in reply. No such averments were necessary in the plea.

The second objection is that it is not shown by the plea that no more than fifty-nine votes were cast.   We think the plea sets up all that was necessary and is sufficiently certain.

The objection that the plea is not verified is supported by no rule of law.

The other objections are general, and all are in our opinion frivolous.

Judgment must be rendered in favor of defendant, overruling the demurrer, and declaring him entitled to the office. Costs are granted against the relator.

The other Justices concurred.