# NATHANIEL CARRICO *et al.*

*v.*

# THE PEOPLE *ex rel.* Trustees of Schools.

*Filed at Springfield November 9, 1887.*

1. SCHOOL DISTRICT—*forming new one—at whose instance—requisites of the petition.* The trustees of schools of two townships have no authority to create a new school district out of territory belonging to two or more districts, except on petition of two-thirds of the legal voters living within the territory which is to comprise the new district, containing not less than ten families; and each petition filed with the several boards of trustees must show, on its face, the fact that the territory to be formed into the new district contained not less than ten families. The allegation of such fact is jurisdictional, and without it the boards have no power to act.

2. QUO WARRANTO—*of the plea, showing right to office.* On an information in the nature of a *quo warranto*, against persons assuming to act as directors of a new union school district claimed to have been formed, the

·defendants are bound to show, in their plea, that the district of which they ·claim to be directors was legally formed, and set forth the facts giving the ˋboards of trustees jurisdiction to create such district, as, the presentation ·of such a petition as the law requires.

Appeal from the Circuit Court of Macoupin county ; the Hon. William R. Welch, Judge, presiding.

Mr. R. B. Shirley, and Messrs. Rinaker & Rinaker, for the ·appellants :

The allegations of the plea contain all the facts which the ·statute requires to exist in order to constitute a legal school ·district. Rev. Stat. chap. 122, sec. 33.

These facts are alleged with certainty, to a common intent, ˉwhich is all the law requires. 1 Chitty's Pl. 233, 633.

Messrs. Palmer & Chapman, for the appellees :

In the proceeding by information in the nature of *quo war- ranto,* the defendant must either disclaim or justify. If he ·disclaims, the People are at once entitled to judgment. If he justifies, he must set out his title specifically. It is not enough to allege, generally, that he was duly elected or appointed to ·office, but he must state particularly how he was elected or ·appointed. He must show on the face of the plea that he has a valid title to the office. The People are not bound to show ·anything.

The information calls upon the defendant to show by what warrant he exercises the functions of the office, and he must ·exhibit good authority for so doing, or the People will be en-titled to judgment of ouster. *Clark* v. *People ex rel.* 15 Ill. 217.

But the plea in this case is fatally bad, in that it does not ·allege that the petition filed with the trustees of the several townships interested, asking for the formation of the proposed district, contained the allegation that not less than ten fami-lies resided upon the territory sought to be formed into a new ·district. Without this allegation in said petition it conferred

no jurisdiction upon the trustees to act.  *Potter* v. *Board of Trustees,* 10 Bradw. 343; *Webb* v. *People ex rel.* 11 id. 358; *School Trustees* v. *People ex rel.* 71 Ill. 559; *Trustees of Schools* v. *People ex rel.* 76 id. 623.

It is not enough for appellants to allege in their plea that certain jurisdictional facts really existed, but they must allege that all jurisdictional facts were set forth in the petition filed with the trustees.

Mr. Justice Magruder delivered the opinion of the Court:

This is an information in the nature of *quo warranto* filed, on leave, in the circuit court of Macoupin county, by the State's attorney of that county, requiring Nathaniel Carrico *et al.,* appellants, to show by what authority they assume to hold and exercise the office of school directors of a certain school district. Two pleas were filed to the information. These pleas were demurred to, and the demurrer was carried back and sustained to the information. Upon leave had, the information was amended and the pleas to the original information were withdrawn. A plea was then filed to the amended information, and to the latter plea a demurrer was interposed and sustained. The appellants elected to stand by their plea to the amended information, and judgment of ouster was entered by the circuit court. To this judgment appellants excepted.

The question in the case is, whether the court below erred in sustaining the demurrer to the plea. Several reasons are assigned by the appellees why the plea is not good. We do not deem it necessary to notice more than one of these reasons.

The petition, filed with the trustees of the several townships and asking for the formation of the proposed district, should have alleged, that the territory, sought to be formed into a new district, contained not less than ten families; the plea is defective in not averring that the allegation here referred to was made in the petition to the trustees.

Section 33 of chapter 122 of the Revised Statutes, being "An act to establish and maintain a system of free schools," approved April 1, 1872, in force July 1, 1872, was amended in 1877, and again in 1879, and still again in 1881. Section 33, as amended in 1881, is the law, which was in force in February or March, 1882, when the petition, referred to in the information and plea in this case, was filed with the trustees of the townships. Bradwell's Laws of 1881, p. 115.

Section 33, as so amended in 1881, provides, that trustees of schools in newly organized townships shall lay off the township into one or more districts to suit the wishes and convenience of a majority of the inhabitants of the township, etc.; that, when petitioned to do so, they may, having discretion in the matter, at the regular meeting in April, change such districts as lie wholly within their townships so as to divide or consolidate districts, to organize a new district out of territory belonging to two or more districts, or to detach territory from one district and add the same to another district adjacent thereto, "and, at the same meeting, by the concurrent action of the several boards of trustees of the township in which the district or districts affected lie, each board being petitioned as hereinafter provided, the same changes may be made in the boundaries, both of districts which lie in separate townships but adjacent to each other, and of districts formed of parts of two or more townships, *provided,* that none of these changes shall be made unless *petitioned for*—(1) by a majority of the legal voters of each of the districts affected by the proposed change; or, (2) by two-thirds of the legal voters living within certain territory, described in the petition, asking that said territory be detached from one district and added to another; or, (3) by two-thirds of all the legal voters within certain territory, *containing not less than ten families,* asking that said territory be made a new district." The last or third clause of the above proviso is the one, which applies to the case at bar.

Section 33, after providing for the filing of the petition with the clerk of the board of trustees and delivering a copy thereof, with notice of such filing, to the president or clerk of the board of directors of each district, whose boundaries are to be changed, directs that the trustees, when the petition comes before them at their April meeting, must ascertain "whether the foregoing provisions have been strictly complied with;" and they can only consider the petition and grant or refuse its prayer, when it shall appear that such provisions have been complied with.

Trustees of schools have no powers except those conferred by the statute, nor can they exercise the powers conferred upon them in any other mode than that prescribed by the statute. They can not be compelled to act and will not be permitted to act, until the law is complied with.   When it is desired to form a new school district out of territory, lying in several different townships, the formation of such district must be petitioned for by two-thirds of all the legal voters living within such "territory containing not less than ten families," etc. The territory proposed to be erected into a new district must contain not less than ten families, and the petition presented to the board of trustees of any one of the townships interested must allege, that the proposed territory contains not less than ten families.   If such allegation is absent from the petition, the board of trustees, to which it is presented, have no power to act in the formation of the new district.   .

The amended information avers that in February or March, 1882, appellants or some of them or some person presented to the trustees of schools of townships 9 and 10 range 5 in Montgomery county and of townships 9 and 10 range 6 in Macoupin county a petition in words and figures following, to-wit:

"BARNETT, ILL., *Feb. 28, 1882.*

"To the honorable board of school trustees township 9 or 10 according to number, range 5 or 6 according to number, Macoupin or Montgomery Co., Ill., as the case was:   We, the

undersigned, petitioners being two-thirds of the legal voters living within the following described and bounded territory respectfully set forth that we are not properly accommodated with school privileges as contemplated by the school law: Therefore, we petition your honorable body to cut off such part of the following territory as lies in your township to be erected into a union school district, to-wit: (Then follows description of the territory.) And in duty bound we ever pray," etc. (Then follow names of petitioners.)

It will be observed, that the petition contains no statement, that the territory, proposed as a new district, contains not less than ten (10) families. The petition seems to have been framed under the provisions of section 33, as amended in 1879, (Bradwell's Laws of 1879, p. 224) and not under the section as it stood after the amendments of 1881.

The information calls upon the respondents to show by what warrant they exercise the functions of the office of school directors, and charges that the pretended union school district was not formed according to law, and that proper petitions for its formation were not presented to the boards of trustees. Respondents were bound to exhibit good authority for acting as directors; otherwise, the People were entitled to judgment of ouster. This being a proceeding by information in the nature of *quo warranto*, appellants were obliged either to disclaim, in which case the People were at once entitled to judgment, or to justify, in which case it was their duty to set out their title specifically. It was not enough to allege generally that they were duly elected to office; it was necessary to state particularly how they were elected, and how the school district, of which they claimed to be directors, had been formed. They should have shown on the face of their plea, that they had a valid title to their office; the People were not bound to show anything. *Clark* v. *The People,* 15 Ill. 217.

The plea of the appellants, so far as it has reference to the petitions filed with the school trustees, is as follows: "That,

on the 23d day of February, 1882, two-thirds of all the legal voters living within the following described territory, which contained not less than ten families, to-wit: (Here follows description of territory,) filed petitions with the trustees of schools of the different townships, in which said described district lies, setting forth in said petitions, that they were not properly accommodated with school privileges as contemplated by the school law, and praying said boards of trustees to cut off that portion of the said described territory lying within their respective townships to be erected into a union school district."

This plea merely states that two-thirds of the legal voters living in a certain territory, which contained not less than ten families, filed petitions with the school trustees. This was not sufficient to make it a good plea. It should have alleged, that the petitions, filed with the several boards of trustees, set forth the fact that the territory to be formed into a union district contained not less than ten families. A petition, setting forth that the proposed territory contained not less than ten families, was necessary in order to give each board power to act in the matter of forming a new district. The presentation of a petition making the allegation in question was a jurisdictional fact, and, without it, all proceedings of the board were void.

As appellants were bound to show in their plea, that the district, of which they claimed to be directors, was legally formed, they should have averred, that such a petition was presented to the boards of trustees in the several townships, as was necessary, under the law, to give such boards jurisdiction. The plea did not contain the required averment and was, therefore, defective. The demurrer to it was properly sustained by the court below, whose judgment is accordingly affirmed.

*Judgment affirmed.*