THE STATE EX REL. MICHAEL MORIARTY *vs.* BARRAK K. SMITH.

First Judicial District, Hartford, January Term, 1900. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A city charter authorized the common council to appoint, among other officers, a superintendent of streets, and provided that all such appointees might be removed for malfeasance, neglect, incompetency or other just cause, after notice and hearing. In an action of *quo warranto* the respondent alleged the relator's removal from the office for incompetency and his own appointment to the vacancy, and to this plea the relator demurred because it failed to aver the existence of any by-law or ordinance prescribing the mode to be followed in such cases. *Held :—*

1. That the non-existence in fact of such a by-law or ordinance was not, and could not properly be, asserted by the demurrer, although its non-existence was apparently the basis of the ruling of the trial court sustaining the demurrer.
2. That the existence of such an ordinance was not a prerequisite to the exercise of the power of removal given by the charter to the common council.
3. That in the absence of any ordinance prescribing the mode of removal, any method which infringed none of the incumbent's rights would be upheld.

Argued January 2d—decided February 13th, 1900.

INFORMATION in the nature of *quo warranto* to determine the defendant's title to the office of superintendent of streets of the city of Putnam, brought to the Superior Court in Windham County and tried to the court, *Shumway, J.,* upon the relator's demurrer to the defendant's plea; the court sustained the demurrer, denied a motion to amend the plea, and rendered judgment of ouster, from which the defendant appealed for alleged errors in the rulings of the court. *Error and new trial granted.*

The case is sufficiently stated in the opinion.

*Elliot B. Sumner,* for the appellant (defendant).

*Charles E. Searls,* for the appellee (relator).

ANDREWS, C. J.   We think there is manifest error in the record before us.   The demurrer to the defendant's plea should have been overruled.

The charter of the city of Putman provides that the common council may appoint certain officers, among others a superintendent of streets, sidewalks and sewers; and for their compensation.   It then provides that all of "said officers may be removed for malfeasance in office, neglect of duty, incapacity or other just cause, but no officer shall be removed upon any charge preferred against him without notice and a hearing."

The plea shows that the relator was at one time the superintendent of streets, sidewalks and sewers, in the city of Putnam; that at a meeting of the common council of that city held on the 19th day of May, 1898, " charges " were preferred against him as such officer, alleging incapacity and that he was incompetent to fill said office; that at said meeting it was voted that the relator be instructed to appear before the common council at its next meeting on June 7th, 1898, then and there to show cause, if any he had, why he should not be removed from his said office because of incompetency, or other proper cause; and that a true and attested copy of said vote was given to the relator on the following day by the city clerk, as appeared by the record of the city.   The plea then goes on to aver that at the said subsequent meeting a full hearing was had upon the matters set forth and charged in said vote, notice and record, and although the said relator had notice of said hearing and was instructed to appear, yet he failed to appear at said time to answer to said charges or show cause why he should not be removed from his said office; that at the said meeting, by a vote lawfully passed, it was voted that the relator, " the said Michael Moriarty, is hereby removed from said office because of incapacity, and the said office of superintendent of streets, sidewalks and sewers is hereby declared vacant."   Afterwards, and while the said office was vacant, the plea shows that the defendant was by a lawful vote elected to that office.   These averments show—*prima facie* at least—a good title in the defendant to

the office of superintendent of streets, sidewalks and sewers, in the city of Putnam; and upon that title the defendant should have had judgment in his favor dismissing the information.

In his memorandum of decision on the demurrer, the judge says he sustained the demurrer on the ground that the plea does not aver any by-law or ordinance of the city of Putman existent at the time of the action of the common council, providing the mode to be pursued for the removal from office of the superintendent of streets, sidewalks and sewers, for cause; and also on the ground that the plea does not aver that any specifications setting forth the ground of the relator's incapacity, were ever served upon him, or that any such specifications were filed at the alleged hearing or considered by the common council. These grounds were among those assigned in the demurrer.

These causes of demurrer, it is to be observed, do not allege as a matter of fact that such by-laws or ordinances did not exist, nor that the common council did not conform to them, nor that specifications were not considered; but that there is no averment of these things in the plea. It is not the non-existence of certain facts, but the want of certain averments which are assigned as the causes why the plea is insufficient. These causes would be just as effective as causes for the demurrer, even if it were true that the most ample by-laws and ordinances had been enacted by the council.

At a later stage of the case the court denied the defendant's motion to amend the plea. The memorandum then filed indicates that the court treated these assignments as though they were equivalent to positive allegations of the fact that no such by-laws or ordinances existed, and gave them force as such allegations, and as though the facts so alleged were legitimately in the case and were not to be disputed; and thereupon held that the non-existence of such by-laws and ordinances invalidated the vote of the common council removing the relator from his office.

This was very clearly error. The assignment of causes of demurrer cannot be properly used to bring additional facts

into the record. If, as a matter of fact, there were no such by-laws or ordinances, and if that fact was material to the rights of the relator, then it should have been brought into the record by an answer or defense to the plea; so that it might have been disputed or its effect avoided by the defendant.

The plea made by the defendant showed a good *prima facie* title in him to the office of superintendent of streets, sidewalks and sewers, in the city of Putnam. At the time this information was brought he was actually exercising that office. The Superior Court rendered judgment of ouster against him for the reason, as it appears, that no by-law or ordinance existed "to provide the mode for the removal of any officer for cause."

That such by-laws and ordinances did not exist is nowhere alleged in the record. Certainly it is not alleged as a traversable fact. Judgment is rendered against the defendant upon a fact the truth of which he has never had an opportunity to deny, and the effect of which he has never been allowed to avoid. So far as the Superior Court could know from the record, or so far as this court can know, there may have been all the time on the city record of Putnam the very wisest and most satisfactory by-laws and ordinances on this topic.

We ought to add that we do not assent to the claim of the relator's counsel, that the existence of an ordinance is a necessary prerequisite to the validity of the action of the council. The power to remove is a substantive grant of power. The ordinances deal only with the form. It would be very unusual that the substance should be deemed to be subordinate to the form. The ordinances were to provide for the mode in which the common council should proceed in the removal of any officer for cause. Even if there were no ordinances, yet if the council in its action in removing the relator proceeded in due and proper form, so that no right of the relator was infringed, he has no cause to complain. And if there were some informalities, the relator having made default of appearance before the council must be held to have waived them.

There is error; the judgment is set aside and a new trial is granted.

In this opinion the other judges concurred.