THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.* THE HEIDELBERG GARDEN COMPANY, Appellee.

*Opinion filed February 20, 1908—Rehearing denied April 9, 1908.*

1. APPEALS AND ERRORS—*when exception to final judgment need not be preserved.* Where a *quo warranto* proceeding is heard upon the information, pleas and demurrer thereto, errors, if any, must appear on the face of the pleadings, and may be considered by the Supreme Court notwithstanding no exception to the final order dismissing the information was preserved by the bill of exceptions.

2. QUO WARRANTO—*validity of dram-shop license may be tested by quo warranto.* Validity of a dram-shop license may be tested by an information in the nature of *quo warranto.*

3. SAME—*rules of common law pleading apply to quo warranto proceeding.* The rules of common law pleading apply to a proceeding by information in the nature of *quo warranto,* and it is not necessary that the charge or the defense shall anticipate and set forth matters which should come properly from the other side.

4. SAME—*plea to information need make out a prima facie defense only.* A plea to an information in the nature of *quo warranto* to test the validity of a dram-shop license, which sets out the provisions of city ordinances relating to dram-shops, alleges compliance therewith by the respondent and avers facts establishing a *prima facie* defense, is not rendered insufficient because it fails to allege that it sets forth all the ordinances in force governing the issuing of licenses in all parts of the city.

5. SAME—*an ordinance relied upon by relator must be pleaded.* Courts do not take judicial notice of city ordinances, and if the

relator in an information in *quo warranto* to test the validity of a dram-shop license relies upon a special ordinance obtaining only in the locality where the respondent is conducting the dram-shop, such ordinance must be pleaded.

6. SAME—*respondent in quo warranto is not limited to one defense.* The respondent in a proceeding by information in the nature of *quo warranto* to test the validity of a dram-shop license is not limited to one plea but may set up numerous defenses, if they are not inconsistent with each other.

7. SAME—*dram-shop license may be issued to corporations.* In view of section 1 of the act relating to the interpretation of statutes, which provides that the word "person" or "persons," and all words of similar import, may extend to and include bodies corporate and politic, a dram-shop license may be lawfully issued to a corporation.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

On July 6, 1904, the State's attorney of Cook county, by leave, filed an information in the nature of *quo warranto* in the superior court of Cook county against appellee, an Illinois corporation, challenging the validity of a dram-shop license issued to said company by the mayor of Chicago. Five pleas were filed to this information, the third of which was stricken from the files on motion and demurrers to the other four were sustained. The respondent standing by its pleas, there was final judgment of ouster. From that judgment an appeal was prosecuted to the Appellate Court, where that part of the judgment of the superior court sustaining the demurrers to the first and second pleas was affirmed and so much of the judgment as sustained the demurrers to the fourth and fifth pleas was reversed and remanded. (*Heidelberg Garden Co.* v. *People,* 124 Ill. App. 331.) When the case was re-docketed in the superior court the demurrers to the said fourth and fifth pleas were over-

ruled, and, appellant standing by said demurrers, the court entered final judgment for the defendant. On appeal to the Appellate Court the judgment of the superior court was affirmed, and this appeal followed.

The information stated that the Heidelberg Garden Company claimed to hold, and exercised, a certain privilege and license of keeping a dram-shop in that part of the city of Chicago formerly the village of Hyde Park, issued by the mayor of said city on June 4, 1904, said dram-shop being at 884 East Fifty-first street, which said privilege and license was issued by said city of Chicago improperly and without warrant of law, and which said privilege or license the said Heidelberg Garden Company has usurped and still does usurp and unlawfully hold and exercise, etc. Only the fourth and fifth amended pleas now before us need be considered.

The fourth amended plea recited appellee's incorporation and charter provisions, and alleged that the city of Chicago, by an ordinance of the city council, provided that licenses might be granted by the mayor to residents of the city of Chicago, on notice to the city clerk by the city collector that the license fee had been paid, and that then the city clerk should issue a license; that the license fee was $500. It then alleged, in some detail, the steps taken by appellee to comply with said ordinance and the statutes in order to secure the issuance of the license to keep a dram-shop at the place mentioned; that such license was issued to appellee for a period commencing May 1, 1904, and ending April 30, 1905; that an acceptable bond was furnished by appellee in conformity with the provisions of the law; that during said time appellee has exercised said privilege and license and neither exercises nor claims to exercise any other privilege or license, and that by this warrant, under its charter and license, it exercises the privilege of keeping the dram-shop in question and is not usurping the privileges mentioned in the information.

The fifth amended plea sets out more at length (apparently *in hæc verba*) the general ordinance of the city of Chicago concerning dram-shop licenses so far as it applies to this case, and alleges in detail the compliance by appellee with the provisions of such ordinance in its application for the license and the issuing of the same, and claims that the acts and doings complained of were done and performed under and by virtue of such license.

JOHN J. HEALY, State's Attorney, (CHURCH, MC-MURDY & SHERMAN, of counsel,) for appellant.

M. HENRY GUERIN, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The validity of a dram-shop license is properly challenged by *quo warranto* proceedings. (*Martens* v. *People,* 186 Ill. 314; *Swarth* v. *People,* 109 id. 621; *People* v. *Chicago Telephone Co.* 220 id. 238; Hurd's Stat. 1905, chap. 112, sec. 1, p. 1549.) The contention of appellee to the contrary cannot be upheld.

The final order of the superior court on the second hearing was that the information be dismissed. It is contended, as no exception was preserved to the entering of this order, that there is nothing for this court to pass upon. A sufficient answer to this contention is, that the case was heard and decided on the information, pleas and demurrer thereto, and the errors, if any, must appear on the face of the pleadings.

The allegations in any information in *quo warranto* may be of a general character, while the defendant is required to set forth particularly the grounds of his claim and the continued existence of his right. (*Clark* v. *People,* 15 Ill. 213; *Carrico* v. *People,* 123 id. 198; *Catlett* v. *People,* 151 id. 16; *People* v. *Bruennemer,* 168 id. 482; *Place* v. *People,* 192 id. 160.) Although the information is somewhat

informally drawn, we do not think the proceedings should
fail on that account. The chief contention of appellant is
as to the sufficiency of the fourth and fifth amended pleas.
As we understand that contention, it is to the effect that
these pleas should state that they set forth all the ordinances
in force governing the issuing of licenses as to all parts of
the city of Chicago. With this contention we cannot agree.
It is practically admitted that such a statement is not re-
quired if the rules governing pleading in this proceeding
are the same as those governing pleading in ordinary com-
mon law actions. In recent years the general tendency of
all courts has been to regard an information in *quo war-
ranto* in this character of proceeding as a summary remedy
invoked for the settlement of civil rights, and while still
retaining, in some instances, its criminal form, "the better
doctrine now is that the pleadings should conform, as far
as possible, to the general principles and rules of pleading
which govern in ordinary civil actions." (High on Ex.
Legal Remedies,—3d ed.—sec. 710.) "It has been fre-
quently held that the proceeding is civil in its nature and
governed by the rules of practice applicable to such trials."
(*Independent Medical College* v. *People,* 182 Ill. 274.)
"Under our statute the course of pleading is the same in
*quo warranto* as in other forms of action, and, in fact, the
statute itself so provides." (*People* v. *Central Union Tele-
phone Co.* 192 Ill. 307.) "The action of *quo warranto* is a
purely civil one." (*People* v. *Bruennemer, supra.*) We
have also held that the plea should be drawn so as to set
out appropriately what was desired in accordance with com-
mon law pleading. *People* v. *Munroe,* 227 Ill. 604.

It needs no citation of authorities to show that, except
as where changed by statute, common law pleadings govern
in this State in civil actions, and section 10 of the Practice
act (Hurd's Stat. 1905, p. 1532,) shows clearly that it was
intended therein that the pleadings in matters of this kind
should be in accordance with the common law. (See, also,

on this point, 17 Ency. of Pl. & Pr. p. 457; *People* v. *Healy,* 230 Ill. 280; *Bishop* v. *People,* 200 id. 33; *Hepler* v. *People,* 226 id. 275.) While it is true that we have held that a defendant, in pleading to an information of this kind, must either disclaim or justify, and that if he pleads justification he must necessarily state specifically the grounds of his defense, still "it is not necessary or proper for a plea to anticipate a matter which should come from the other side, but matter that is proper for replication need not be anticipated in the plea." (*Massey* v. *People,* 201 Ill. 409.) "It is a general rule of pleading that matter which should come more properly from the other side need not be stated. In other words, it is enough for each party to make out his own case or defense. He sufficiently substantiates the charge or answer for the purpose of pleading if his pleading establish a *prima facie* charge or answer. He is not bound to anticipate, and therefore is not compelled to notice and remove in his declaration or plea every possible exception, answer or objection which may exist and with which the adversary may intend to oppose him." (1 Chitty's Pl.—Perkins' 16th Am. ed.—*245.) To the same effect are Gould's Pl.—5th ed.—sec. 193, p. 155; 17 Ency. of Pl. & Pr. p. 470; High on Ex. Legal Remedies,—3d ed.—sec. 719; Stephens' Pleading in Civil Cases, p. 354.

The fourth and fifth amended pleas set out the grounds upon which appellee relied, each of them showing plainly a *prima facie* right to the license. In *quo warranto* proceedings to test the right of certain people to hold the office of drainage commissioners in a special drainage district, this court held that the rules of pleading in *quo warranto* to question a defendant's title to an office do not require that the pleader shall anticipate that the defense will justify under an election and shall show in defense the invalidity of such an election; that if the election is pleaded its invalidity is a matter to be shown by replication. (*People* v. *Cooper,* 139 Ill. 461.) This court also held that an alleged forfeiture of respondent

to the office of alderman by failing to take the oath within ten days after election is a matter of replication which need not be anticipated in the plea. (*Massey* v. *People, supra.*) Where *quo warranto* proceedings were brought to question the right of a person to hold the office of superintendent of streets, and by his plea he asserted that he was appointed under a certain ordinance, it was held that on demurrer to this plea additional facts could not be brought into the record; that if, as a matter of fact, there was no such ordinance, and if that fact was material, then it should have been brought into the record by an answer or defense to the plea; that the plea made by the defendant showed a good *prima facie* title in him to the office in question. (*State* v. *Smith,* 72 Conn. 572.) Where an information was filed to test the title of a person to the office of supervisor, and by his plea he showed that he had been declared elected, it was held that the plea need not aver his citizenship or other qualifications for office; that such facts should be set up by replication. (*Attorney General* v. *McIvor,* 58 Mich. 516.) In *quo warranto* proceedings the charge was made that a certain person had no legal right to hold the position of president of a bank. In his plea he set up certain facts which *prima facie* showed he was entitled to hold that position, among others, that he owned certain stock. It was held that it was not necessary for him to aver in the plea that he had not been divested of this stock; that this fact must be shown by the State by replication. (*State* v. *Harris,* 3 Ark. 570.) In pleading it is not necessary for a party to allege any more than will constitute a *prima facie* action or defense. All beyond this is surplusage. (*Attorney General* v. *President,* 2 Doug. 359.) Manifestly, under the rules of common law pleading, nothing further was required of appellee than the showing of a *prima facie* right. Judging from these pleas, in connection with the information, the conclusion would necessarily be drawn that appellee was entitled to the license under which it is acting. The sub-

stantial parts of the ordinance were set out in both pleas, so that the requirements thereof may be seen and known, and that is all that is required in pleading an ordinance. (*Illinois Central Railroad Co.* v. *Ashline,* 171 Ill. 313; *Louisville, New Albany and Chicago Railway Co.* v. *Shires,* 108 id. 617.) It is true, the information states that appellee obtained a license to keep a dram-shop in that part of the city of Chicago which was formerly the village of Hyde Park; but there is nothing in the pleadings before us that shows that the locality where these premises were situated was subject to a different rule as to issuing licenses than were premises elsewhere in the city of Chicago. If appellant had desired to show that in that part of the city of Chicago which was formerly the village of Hyde Park different regulations were required in order to obtain the issuance of a dram-shop license than were required by the ordinances of the city of Chicago generally, as set out in the fourth and fifth amended pleas, that could easily have been done by proper proof under the replications to these pleas, in conformity to the rules of common law pleading.

But appellant insists that this court ought, in its judicial capacity, to recognize the fact that at the time of the annexation of Hyde Park there were ordinances in force in that territory by which the sale of liquor was regulated, and that there were special conditions upon which, alone, licenses might be issued. Appellant in this connection admits that if the court so acts it must do so contrary to the common law and the recognized course of pleading thereunder, for a municipal ordinance must be pleaded just as any other matter of fact is pleaded. (*City of Bloomington* v. *Illinois Central Railroad Co.* 154 Ill. 539.) Courts do not take judicial notice of an ordinance. It must be specially pleaded. *Illinois Central Railroad Co.* v. *Ashline, supra;* 17 Am. & Eng. Ency. of Law, (2d ed.) p. 937; 16 Cyc. 898.

The demurrers to the fourth and fifth pleas admit the truth of all that is stated therein. (*People* v. *Pullman Pal-*

*ace Car Co.* 175 Ill. 125; Spelling on Injunctions and Extraordinary Remedies,—2d ed.—sec. 1865.) We think it very evident from an examination of these two pleas that they plead the same ordinance of the city of Chicago, the fifth setting it out in full and the fourth only in substance. An examination of the decisions of this State referred to herein will show that the contention of appellant that only one plea can be filed in a proceeding where the validity of a dram-shop license is being tested is without force. Numerous defenses to such a proceeding may be set up if they are not inconsistent. Spelling on Injunctions and Extraordinary Remedies, (2d ed.) sec. 1864; *State* v. *McDaniel,* 22 Ohio St. 354.

Appellant further insists that as the pleadings show that the license was issued to a corporation it was issued without authority of law, the argument being, that under our Dram-shop act a license cannot issue to a corporation. Section 1 of chapter 131 (Hurd's Stat. 1905, p. 1946,) provides that "the word 'person' or 'persons,' as well as all words referring to or importing persons, may extend and be applied to bodies politic and corporate as well as individuals." This statute is general in its character, and, we think, fully answers the contention of appellant on this point, while the reasoning of this court in *Life Association of America* v. *Fassett,* 102 Ill. 315, and *Ochs* v. *People,* 124 id. 399, leads to the same conclusion. The cases of *Betts* v. *Menard,* Breese, 395, and *Blair* v. *Worley,* 1 Scam. 178, relied on by appellant, were decided before the above statute was enacted and are not in point in this case. Many of the arguments of appellant on this question might be of force before a legislative body but are without weight here, as courts can only construe the law as they find it.

Appellee contends that there is nothing but a moot question now involved here, as the license in question has long since expired. On the record before us we cannot agree with this contention. In view of our holding on other

branches of the case, however, we deem it unnecessary to discuss this point at length.

Finding no error on the face of the pleadings or the judgment order of the trial court, the judgment of the Appellate Court will be affirmed.            *Judgment affirmed.*