## The People ex rel., Appellee, v. George Garrett, Appellant.

### Gen. No. 5318.

1. Quo warranto—*what plea in justification must set up.* In an action of *quo warranto* to determine the title to an office the defendant if he justifies must set up his title specially.

2. Quo warranto—*when plea does not show title to office of highway commissioner.* A plea of justification in *quo warranto* does not show title if it fails to set up facts showing qualification to hold the office and compliance with the law pertaining to the manner of taking possession thereof.

Proceeding by information. Appeal from the Circuit Court of Henderson county; the Hon. Harry M. Waggoner, Judge, presiding. Heard in this court at the April term, 1910. Affirmed. Opinion filed October 18, 1910.

C. A. McLaughlin and E. L. Moffitt, for appellant.

William H. Stead, Charles J. Scofield and Safford & Graham, for appellee.

Mr. Justice Dibell delivered the opinion of the court. The Attorney-General, by leave of court, filed an information against George Garrett, charging that for the space of sixty days now last past and more, in the county of Henderson, Garrett had unlawfully held and executed and still did hold and execute without any warrant of right whatsoever the office of commissioner of highways of the town of Biggsville, in the said county of Henderson in the State of Illinois, which office said Garrett during the time aforesaid had usurped and still does usurp; and the information prayed due process of law against said Garrett, requiring him to answer by what warrant he claims to hold and execute the office and the franchise aforesaid. Garrett filed an amended plea as amended, wherein he set up various steps leading to his alleged election and qualification to said office. The Attorney-General filed a demurrer to said amended plea

as amended. That demurrer was sustained and judgment of ouster was entered against Garrett, from which he prosecutes this appeal.

It is clear that in a plea in response to such an information, the defendant, if he justifies, must set out his title specially. Thus, it was said in Catlett v. People, 151 Ill. 16: "In the proceeding by information in the nature of a quo warranto the defendant must answer by a disclaimer of title, or justify by showing title. If he disclaims, the people are at once entitled to judgment. If he justifies, he must set out his title specially. He must show on the face of the plea that he has a valid title to the office. The people are not bound to show anything. Being called upon to show by what warrant he exercises the functions of the office, if he does not exhibit good authority for doing so the people are entitled to judgment of ouster." Again, in People v. Central Union Telephone Co., 232 Ill. 260, 271, the court said: "When the people call upon one to show by what authority he exercises a license or privilege, which must emanate from the State or one of its agencies, the allegation of usurpation may be, as it was in this case, of the most general character, and the information merely calls upon the defendant to set forth particularly the grounds of his claim and the continued existence of his right. The office of an information in the nature of a quo warranto is not to tender any issue of fact, but simply to call upon the defendant, in general terms, to show by what warrant or charter the privilege claimed is held and exercised. The defendant cannot traverse an information which is of that character, and a plea of not guilty or *non usurpavit* is not an answer to the information. The People are not bound to show anything, and the defendant must answer by disclaimer or by justifying, and if he justifies he must set out his title, particularly showing by what right he exercises and enjoys the license or privilege. The sole purpose of the information is to require the defendant to show by what warrant he is holding and exercising the license, privilege or franchise in question, and it is sufficient to allege, generally, that he is holding and exercising the same without lawful

authority." The necessity that the defendant should show his qualification for the office is thus stated in 32 Cyc. 1454: "Upon an information to oust the occupant of an office defendant may disclaim holding the office; but if he does not, he must justify by setting out in his plea all the facts necessary to establish a lawful right to the office. The plea should show expressly that defendant had all the qualifications necessary to the enjoyment of the office, and in case a continued usurpation is alleged should set out the continuance as well as the original existence of such qualifications; and it should appear that defendant accepted the office, and qualified by taking the proper oath and filing bond, or otherwise complied with the law's requirements." Did this amended plea as amended comply with these rules?

The first three sections of article 9 of chapter 139, entitled "Township Organization," are as follows:

"1. No person shall be eligible to any town office unless he shall be a legal voter, and have been one year a resident of such town.

"2. Every person elected or appointed to the office of superintendent, town clerk, assessor, commissioner of highways or collector, before he enters upon the duties of his office, and within ten days after he shall be notified of his election or appointment, shall take and subscribe, before some justice of the peace or town clerk, the oath or affirmation of office prescribed by the constitution, which shall, within eight days thereafter, be filed in the office of the town clerk.

"3. If any person elected or appointed to either of the offices above enumerated shall neglect to take and subscribe such oath, and cause the certificate to be filed as above required, such neglect shall be deemed a refusal to serve."

The amended plea as amended did not contain any averment that appellant was eligible to the office of commissioner of highways of said town, nor did it state any facts which would show that he was eligible to hold that office. It contained no averment that he had been a resident of that town for one year. That appellant was required to show his qualification to hold the office is laid down in the foregoing quotation from 32 Cyc. 1,454, and is plainly held in Markiewicz

v. People, 126 Ill. App. 203.   In Massey v. People, 201
Ill. 409, the plea there under consideration alleged that the
defendant possessed all the legal qualifications for alderman,
and it was implied that this was a sufficient allegation of
qualification where the plea was questioned only by a gen-
eral demurrer, but it was also implied that if it had been
questioned by a special demurrer, his legal qualifications must
have been particularly shown.   It is true that in People v.
Heidelberg Garden Co., 233 Ill. 290, there is a single sen-
tence based on Attorney-General v. McIvor, 58 Mich. 516,
which suggests that the qualifications need not be alleged, but
this seems to have been by way of illustration only, and seems
not to be in harmony with the Catlett case, *supra*, and the
Central Union Telephone Co. case, *supra*, and with other cas-
es generally in this state.   If appellant had stated in general
terms that he possessed the qualifications which entitled him
to hold the office, it may well be that the sufficiency of that
allegation could not be questioned by general demurrer, but
that a special demurrer would be essential to compel him to
set out the particulars of his possession of the statutory quali-
fications for the office; but where, as here, there is an entire
absence of any averment that he was qualified to hold the
office, we are of opinion that he  has not shown title in him-
self, and that a judgment of ouster properly followed.

He alleged that he took and subscribed an oath of office,
and generally that allegation is sufficient when questioned
only by a general demurrer.   The statute under consideration
further required that within eight days after he took and sub-
scribed the oath of office he should cause the same to be filed
in the office of the town clerk and that his neglect to do so
should be deemed a refusal to serve.   The amended plea as
amended contained no averment that appellant had caused
the oath to be filed in the office of the town clerk at any time,
nor that he had done so within eight days after the oath was
taken and subscribed.   It may well be doubted whether in
construing this plea most strongly against the pleader, it
should not be assumed that he had failed to comply with this
provision and had thereby refused to serve.   But we prefer

to place our judgment upon our conclusion that the plea is fatally defective in not alleging either specifically or in general terms that he possessed the statutory qualifications for the office. It is argued that the amended plea as amended is defective in various other material matters, but if we are right in the conclusion above expressed, it is unnecessary to extend this opinion by a discussion of those supposed defects.

The judgment is affirmed.

*Affirmed.*