## The People of the State of Illinois ex rel. William Kingsley et al., Appellants, v. David Andrews, Appellee.

### Gen. No. 6,235.

1. QUO WARRANTO, § 33*—*what rules govern pleadings*. Pleadings in quo warranto cases are governed by the same rules that prevail in other civil actions.

2. QUO WARRANTO, § 45*—*what defendant must allege*. The defendant in a quo warranto proceeding must either disclaim or justify, and, if the latter, he must show a valid title to the office, the People not being bound to show anything.

3. QUO WARRANTO, § 56*—*when judgment of ouster proper*. Though the People, in a quo warranto proceeding, set out specific causes of disqualification of the defendant to hold the office occupied by him, that is, alienage, still they need make no proof thereof, and unless the defendant shows valid title, a judgment of ouster should be entered against him.

Appeal from the Circuit Court of Peoria county; the Hon. CLYDE E. STONE, Judge, presiding. Heard in this court at the April term, 1916. Reversed and remanded. Opinion filed August 10, 1916.

C. E. McNEMAR, for appellants; SHEEN & GALBRAITH, of counsel.

CAMERON & CAMERON, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

This is an appeal from a judgment for the respondent in a quo warranto proceeding tried by the court without a jury on an information filed by the State's Attorney of Peoria county on relation of three citizens and legal voters of the Township of Kickapoo, in said county, charging that David Andrews, the appellee, was unlawfully holding the office of supervisor of said township. It was alleged in different counts of the information that appellee was an alien, born in the Kingdom of Great Britain and Ireland; that his father was an alien, born in said kingdom and did not take out naturalization papers after coming to America; that appellee was not a legal voter of said township or of the State of Illinois, and was not a citizen of the United States. Appellee pleaded that his father came to this country about sixty-seven years ago and continuously remained in the United States from that time until his death, about the year 1867; that after he had lived and resided in this country the requisite number of years he was naturalized and thereby became a citizen of the United States; that at the time of the naturalization of his father appellee was a resident of the United States and under the age of twenty-one years and thereby became, under the law, a citizen of the United States, concluding his plea with a verification. The People filed a replication to this plea, denying that the father of appellee was naturalized or became a citizen of the United States, and concluded to the country.

On the trial it was stipulated, in substance, that the only question to be tried was whether appellee was at the time of his said election eligible to the said office; that if the court found he was eligible, the judgment should be not guilty, and if the court found otherwise, judgment of ouster should be entered. It was also stipulated that there was no record of naturalization of the father of respondent in any court in Peoria county, Illinois. The People introduced evidence tending to show

that appellee was born in England, some of which the court held competent and some he held not competent, but taken together it was not sufficient proof that appellee at the time of his election was not a legal voter of said township. Appellee offered no evidence. He assumed the burden was on the People to establish the charge that he was an alien and not a legal voter of said township. The court adopted his view of the case and entered judgment accordingly. The only question presented here is whether the court erred in so doing.

Pleadings in quo warranto cases are governed by the same rules that prevail in other civil actions. (*Bishop v. People,* 200 Ill. 33, 36; *Independent Medical College v. People,* 182 Ill. 274; *People v. Heidelberg Garden Co.,* 233 Ill. 290, 294.) The general rule is that the defendant must either disclaim or justify. If he justifies he must set out his title specially and show a valid title to the office. The People are not bound to show anything. He must exhibit authority for exercising the functions of the office or the People will be entitled to judgment of ouster. (*Clark v. People,* 15 Ill. 213, 217; *Carrico v. People,* 123 Ill. 198; *Catlett v. People,* 151 Ill. 16; *Place v. People,* 192 Ill. 160; *People v. Keechler,* 194 Ill. 235, 238; *People v. Central Union Tel. Co.,* 232 Ill. 260, 271; *People v. Baldridge,* 267 Ill. 190, 195; *People v. Garrett,* 157 Ill. App. 377.) It follows, of course, that the respondent must prove his plea. It was said in *People v. Baldridge, supra,* on page 195: "The form of the issue in quo warranto between the State and the respondent is not like that in other civil proceedings, but the defendant is called on to show title by his plea, which presents an issue of fact, and the burden of proof is upon him to establish it."

And in *People v. Keechler, supra,* that it was not sufficient that the plea denies or confesses and avoids the material allegations in the information. The plea "must be good, in and of itself, to show the right of

the respondents to the offices which they are charged with usurping.'' But *People v. Central Union Tel. Co.,* *supra,* is relied on by appellee to support his position that the burden of proof in this case was on the People because while they might have alleged usurpation of the office in the most general terms they did not choose to do so but made specific charges of disqualification which appellee assumes places the burden of proof on the People. The court held in that case that the office of an information in the nature of a quo warranto is not to tender any issue of fact but simply to call upon the defendant in general terms to show by what warrant or character the privilege claimed is held or exercised, but also said that it was the privilege of the People to make the information specific and set out particular acts as usurpation of authority, or set out special causes of forfeiture. We do not regard that case as holding that the People may in an information, by setting out the causes of disqualification, tender an issue of fact that the respondent may meet by a general denial, concluding to the country. Appellee did not adopt that theory in pleading, but, as we have before stated, concluded his plea with a verification. We are of the opinion that under the law and the pleadings in this case the burden was on appellee to show his title to the office, and as he introduced no evidence and the record contains no evidence supporting appellee's plea, the court erred in rendering judgment in his favor.

Appellee relies also on the authority of decisions in election contests in this State holding where alienage is charged that the burden of proof is on the party charging it. The rule announced in these cases is not applicable in quo warranto proceedings which are governed by the rules announced in the cases before cited. The question of how much and what character of proof would have been required of appellee to make a prima facie case of citizenship is not before us. There is no

proof in the record that appellee had exercised the rights of a citizen and voter or that his father exercised such rights and privileges. The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*